UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHAN GENTRY,

        Petitioner,

Case No. 1:18-cv-701

v.

Honorable Paul L. Maloney

LES PARISH,

        Respondent.

_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has not exhausted his state-court remedies on his proposed Grounds VIII through XI. However, in light of the impending expiration of the statute of limitations, the Court will grant Petitioner's motion for stay and abeyance (ECF No. 4) pending his exhaustion of available state court remedies.

## Discussion

### I. Factual allegations

Petitioner Nathan Gentry is incarcerated with the Michigan Department of Corrections at Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, carrying a concealed weapon, Mich. Comp. Laws § 750.227(2), and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. On January 7, 2015, the court sentenced Petitioner to respective sentences of 225 to 335 months, 23 to 60 months, and 2 years.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals. In the appellate brief filed by counsel, Petitioner raised eleven issues:

I. THE TRIAL COURT VIOLATED THE [PETITIONER'S] DUE PROCESS RIGHTS AT SENTENCING BY MIS-SCORING OFFENSE VARIABLES 6 AND 9 OF THE SENTENCING GUIDELINES.

II. THE [PETITIONER] WAS DENIED DUE PROCESS WHERE THE TRIAL COURT IMPROPERLY CONSIDERED ABUSIVE CONDUCT TOWARDS WOMEN AND THE LEVEL OF CRIME IN LANSING DURING SENTENCING.

III. JUDICIAL FACTFINDING AT SENTENCING BASED ON LESS THAN PROOF BEYOND A REASONABLE DOUBT VIOLATED [PETITIONER'S] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS.

IV. THE GOVERNMENT'S FAILURE TO INVESTIGATE, DISCLOSE, AND ANALYZE PHYSICAL EVIDENCE DEPRIVED [PETITIONER] OF DUE PROCESS AND A FAIR TRIAL.

V. THE [PETITIONER] WAS DENIED A FAIR TRIAL WHEN THE COURT ADMITTED INTO EVIDENCE IRRELEVANT FIREARM

|     | EVIDENCE THAT WAS PREJUDICIAL AND HAD NO PROBATIVE VALUE. |
| --- | --- |
| VI. | THE [PETITIONER] WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COURT COUNSEL FAILED TO OBJECT TO THE ADMISSION OF IRRELEVANT FIREARM EVIDENCE THAT WAS PREJUDICIAL AND HAD NO PROBATIVE VALUE. |
| VII. | DEFENSE COUNSEL WAS FURTHER INEFFECTIVE FOR ARGUING IN CLOSING STATEMENTS THAT HE PERSONALLY BELIEVED THE PROSECUTOR'S WITNESS RONNIE PORTER. |
| VIII. | THE GREAT WEIGHT OF THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH BEYOND A REASONABLE DOUBT THAT THE PROSECUTOR HAD PROVEN THE APPELLANT ASSAULTED THE COMPLAINANT AND HAD THE REQUISITE INTENT TO MURDER. |
| IX. | THE TRIAL COURT ERRED IN ASSESSING POINTS FOR OFFENSE VARIABLE 19 WHEN THERE WAS NO EVIDENCE THE [PETITIONER] INTERFERED WITH THE ADMINIST[R]ATION OF JUSTICE. |
| X. | THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE THE "JAILHOUSE" TAPED CALLS PURPORTEDLY BETWEEN THE [PETITIONER] AND FAMILY MEMBER WHERE THERE WAS NO EVIDENCE OF THE AUTHENTICI[T]Y OF THE TAPES AND THE STATEMENTS OF THE THIRD-PARTY WAS INADMISSIBLE HEARSAY. |
| XI. | THE MICHIGAN COURT OF APPEALS ERRED IN DENYING THE [PETITIONER'S] MOTION TO REMAND ON THE ISSUE OF NEWLY DISCOVERED EVIDENCE WHEN THE NEWLY OBTAINED STATEMENTS OF THE COMPLAINANT AND WITNESS PROVIDES EVIDENCE THAT WOULD LIKELY HAVE CHANGED THE RESULT AND WAS NOT AVAILABLE AT THE TIME OF TRIAL. |

(Br. on Appeal, ECF No. 1-1, PageID.10, 14, 17, 23, 26, 32-33, 35, 38, 40, 42.) In an unpublished opinion issued on April 28, 2016, the Michigan Court of Appeals affirmed the convictions, but remanded for possible resentencing in light of *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015).

Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same eleven issues. The supreme court denied leave to appeal on April 4, 2017.

On June 22, 2018, Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court, raising four new grounds for relief, paraphrased as follows:

> I. THE PROSECUTOR COMMITTED MISCONDUCT WHEN, DESPITE DISMISSING A PENDING CASE AGAINST WITNESS NICOLLE VILLARREAL IN EXCHANGE FOR HER TESTIMONY, THE PROSECUTOR ARGUED THAT VILLARREAL'S TESTIMONY SHOULD BE ACCEPTED AS TRUTH BECAUSE SHE HAD NOTHING TO GAIN BY TESTIFYING AGAINST PETITIONER.
>
> II. THE PROSECUTOR COMMITTED MISCONDUCT BY INTRODUCING THE THREE GUNS AT TRIAL AND BY PRESENTING A MISLEADING EXCERPT OF A JAILHOUSE CONVERSATION.
>
> III. PETITIONER'S CONSTITUTIONAL RIGHT AGAINST SELF-INCRIMINATION WAS VIOLATED BY THE ADMISSION OF HIS STATEMENTS THAT WERE MADE AFTER HE INVOKED HIS RIGHT TO COUNSEL.
>
> IV. PETITIONER IS ACTUALLY INNOCENT WITHIN THE MEANING OF *SCHLUP V. DELO*, 513 U.S. 298, 327 (1995).

(Mot. for Relief from J., ECF No. 3-1, PageID.71-72.) The motion for relief from judgment remains pending in the circuit court.

On June 20, 2018, Petitioner filed his original habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Petitioner signed his application on June 20, 2018. (Pet., ECF No. 1, PageID.5.) The petition was received by the Court on June 26, 2018. I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that

the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

In response to an order of this Court, Petitioner has filed an amended petition (ECF No. 3.) The amended petition raises seven[1] grounds for relief, as follows:

> I. [PETITIONER] WAS DENIED DUE PROCESS WHERE THE TRIAL COURT IMPROPERLY CONSIDERED ABUSIVE CONDUCT TOWARDS WOMEN AND THE LEVEL OF CRIME IN LANSING DURING SENTENCING.
>
> II. [PETITIONER] WAS DENIED PROCESS WHERE THE TRIAL COURT IMPROPERLY CONSIDERED ABUSIVE CONDUCT TOWARDS WOMEN AND THE LEVEL OF CRIME IN LANSING DURING SENTENCING.
>
> III. JUDICIAL FACT-FINDING AT SENTENCING BASED ON LESS THAN PROOF BEYOND A REASONABLE DOUBT VIOLATED [PETITIONER'S] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS.
>
> IV. THE GOVERNMENTAL FAILURE TO INVESTIGATE, DISCLOSE AND ANALYZE PHYSICAL EVIDENCE DEPRIVED [PETITIONER] OF DUE PROCESS AND A FAIR TRIAL.
>
> V. THE TRIAL COURT PLAINLY ERRED IN ALLOWING THE PROSECUTOR TO PLACE IN EVIDENCE THREE REVOLVERS SEIZED FROM THE HOUSEHOLD WHERE [PETITIONER] LIVED WITH HIS PARENTS.
>
> VI. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE AN OBJECTION TO THE INTRODUCTION OF THE THREE REVOLVERS AND FOR FAILING TO OBJECT TO THE SCORING OF SENTENCING GUIDELINES VARIABLES.
>
> VII. THE TRIAL COURT ERRED IN ADMITTING JAILHOUSE RECORDINGS INTO THE EVIDENCE ON THE GROUNDS THAT THE RECORDINGS WERE NOT PROPERLY AUTHENTICATED AND THAT THE STATEMENT[S] WERE INADMISSIBLE HEARSAY.

---

[1] Petitioner specifically lists seven numbered grounds in his amended petition. However, Petitioner uses identical language to describe Grounds I and II of his amended petition. (Am. Pet., ECF No. 3, PageID.51-52.)

(Pet., ECF No. 3, PageID.51-54, 63-65.) In addition, Petitioner has filed a motion to stay the petition pending exhaustion of his state-court remedies (ECF No. 4). In his brief in support of the motion to stay, Petitioner indicates that he intends to add the following five habeas grounds, once those grounds have been exhausted in the state courts:

> VIII. THE INGHAM COUNTY PROSECUTOR ENTERED INTO AN AGREEMENT WITH COMPLAINING WITNESS NICOLE VILLARREAL WHEREBY A PENDING CASE WAS DISMISSED WITHOUT PREJUDICE IN EXCHANGE FOR HER TESTIMONY AT [PETITIONER'S] TRIAL.
>
> IX. THE PROSECUTOR COMMITTED PROSECUTORIAL MISCONDUCT (1) INTRODUCING THREE GUNS AT TRIAL KNOWING THAT THIS EVIDENCE WAS BOTH IRRELEVANT AND UNFAIRLY PREJUDICIAL AND (2) PRESENTING A MISLEADING EXCERPT OF A JAILHOUSE CONVERSATION.
>
> X. [PETITIONER'S] CONSTITUTIONAL RIGHT AGAINST SELF-INCRIMINATION WAS VIOLATED WHEN STATEMENTS WERE ADMITTED THAT WERE MADE AFTER [PETITIONER] INVOKED HIS RIGHT TO AN ATTORNEY PRESENT IN VIOLATION OF US CONST AMENDS V, XIVE, MICH CONST 1963, ART 1.
>
> XI. ANY CLAIM THAT ISSUES II-V ARE SUCCESSIVE MUST FAIL. DECISIONS OF THE UNITED STATES SUPREME COURT PROVIDE THAT A SHOWING OF ACTUAL INNOCENCE PROVIDES AN EXCEPTION TO FEDERAL HABEAS REVIEW. BECAUSE [PETITIONER] CAN MAKE A SHOWING OF "ACTUAL INNOCENCE" THE CONVICTION MUST BE REVERSED. SCHLUP, HOUSE, AND SWAIN, INFRA.
>
> XII. [PETITIONER'S] TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY SUGGESTING THAT IF THE POLICE WOULD HAVE CHECKED THE (THREE) REVOLVERS FOR BALLISTICS AND FINGERPRINTS, IT WOULD HAVE BEEN A SLAM DUNK CASE. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THIS ISSUE ON APPEAL.

(Br. in Supp. of Mot. to Stay, ECF No. 5, PageID.80-83.)

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner's amended habeas petition and attachments indicate that Petitioner exhausted the first seven habeas grounds in his direct appeal to the Michigan Court of Appeals and the Michigan Supreme Court. Petitioner acknowledges, however, that he has not yet exhausted his proposed additional five grounds at all levels of the Michigan courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has an available procedure by which to raise the issues he has presented in his habeas application, as he proposes to amend it with the grounds raised in his motion to stay. He is entitled

7

to file one motion for relief from judgment under Mich. Ct. R. 6.502. Petitioner has filed such a motion for relief from judgment, but it has not yet been decided by the Ingham County Circuit Court. To properly exhaust his claim, Petitioner must await the decision of the circuit court, and, if his motion is denied by that court, Petitioner must appeal the decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 4, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 3, 2017. Accordingly, absent tolling, Petitioner would have one year, or until July 3, 2018, in which to file his habeas petition. Petitioner filed the instant petition on June 20, 2018, 13 days before expiration of the limitations period. According to his habeas application, Petitioner filed his motion for relief from judgment, which tolled the running of the limitations period,[1] on June 22, 2018, when only 11 days remained.

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision

Because Petitioner intends to raise some claims that are exhausted and some that are not, his petition (as he proposes to amend it) is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved the stay-and-abeyance procedure, but held that the procedure set forth in *Palmer* should be available only in limited circumstances, since over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *Id.* at 277. The *Rhines* Court held that a district court contemplating stay and abeyance should stay the mixed petition only if (1) there is good cause for Petitioner's failure to exhaust the unexhausted claims, (2) the unexhausted claims are not plainly meritless, and (3) there is no indication that Petitioner has engaged in abusive or dilatory litigation tactics. *Id.* at 277-78. If the district court determines that a stay is inappropriate, it must allow the petitioner the

---

is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Upon review, this Court concludes that at least one of Petitioner's new claims (Ground VIII) is not plainly meritless. In addition, because Petitioner's proposed Ground VIII was belatedly discovered by Petitioner, the Court finds good cause for Petitioner's failure to exhaust at least that claim. Further, on this record, there exists no indication that Petitioner has engaged in abusive or dilatory litigation tactics. As a result, Petitioner's motion to stay of these proceedings while he exhausts his new habeas grounds will be granted.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). In the instant case, because Petitioner has already filed his motion for relief from judgment and has thereby tolled the running of the limitations period, he requires only thirty days to return to the Court after the completing state-court review of his claims. Petitioner however would not have the necessary 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

## **Conclusion**

Upon review, the Court concludes that Petitioner' amended petition, as he proposes to further amend it, is not fully exhausted. Applying *Rhines*, 544 U.S. 269, the Court will grant Petitioner's motion for stay and abeyance (ECF No. 4).

An Order consistent with this Opinion will be entered.


Dated:   August 17, 2018                             /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge