UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

NATHAN GENTRY,

           Petitioner,                      Case No. 1:18-cv-701

v.                                              Honorable Paul L. Maloney

LES PARISH,

           Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss Petitioner's second amended petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.   **Factual allegations**

Petitioner Nathan Gentry is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. On September 26, 2014, following a four-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of assault with intent to commit murder (AWIM), in violation of Mich. Comp. Laws § 750.83, carrying a concealed weapon (CCW), in violation of Mich. Comp. Laws § 750.227, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On January 7, 2015, the court sentenced Petitioner to imprisonment for 18 years, 9 months to 28 years for AWIM, 1 year, 11 months to 5 years for CCW, and 2 years for felony-firearm. The CCW and felony-firearm sentences were served concurrently (and have been completed); the AWIM sentence is being served consecutively to the felony-firearm sentence.

On June 20, 2018, Petitioner timely filed his habeas corpus petition. The Court directed Petitioner to file an amended petition on the approved form. (ECF No. 2.) Petitioner filed his first-amended petition on July 23, 2018. (ECF No. 3.) Along with that motion, Petitioner filed a motion for stay asking the Court to stay these proceedings, and hold them in abeyance, pending his exhaustion of additional claims in the state courts. By opinion and order entered August 17, 2018, the Court granted the stay, instructing Petitioner to file a new amended petition within 30 days of exhausting his state court remedies.

Petitioner timely sought leave to amend his petition, as contemplated by the stay order. On March 10, 2021, the Court granted leave to amend the petition and the Clerk docketed Petitioner's second-amended petition. The petition raises nine grounds for relief, as follows:

> I. Under *Brady v. Maryland*, the prosecution's failure to disclose Nicole Villareal's status as a paid confidential informant violated Nathan Gentry's due process right to a fair trial.
>
> II. The prosecution's failure to disclose Villareal's dismissed felonies in exchange for testimony against Gentry violated his right to a fair trial, and the trial court plainly erred in finding otherwise.
>
> III. Under *Brady v. Maryland*, the prosecution's failure to disclose Ronnie Porter's status as a paid CI denied Gentry a fair trial, as did the lack of disclosing Porter's conviction of lying to the police.
>
> IV. Nathan Gentry is actually innocent of the claims against him.
>
> V. Trial counsel was ineffective for not investigating or discovering the information discussed in Grounds 1–3.
>
> VI. The prosecution committed prosecutorial misconduct by seeking admission of three revolvers into evidence, the trial court plainly erred in allowing the guns into evidence, and trial counsel was ineffective for failing to object, depriving Nathan Gentry of a fair trial.
>
> VII. The prosecution committed prosecutorial misconduct by seeking admission into evidence of Gentry's statements made to police after he invoked his right to counsel, the trial court plainly erred in allowing the statements into evidence, and trial counsel was ineffective for failing to object, depriving Nathan Gentry of a fair trial.
>
> VIII. The prosecution committed prosecutorial misconduct by improperly bolstering Villareal and Porter's credibility, and defense counsel was ineffective for failing to object.
>
> IX. For any of the above grounds that have yet to be argued or that were not argued on direct appeal, appellate counsel was ineffective.

(Second Am. Pet., ECF No.11, PageID.129, 131–134, 140–141.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so

3

that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner claims that habeas grounds I, II, IV, V, VI, VII, and IX have been exhausted in the state courts. Petitioner acknowledges, however that habeas grounds III and VIII have not been presented to the state courts:

> The information in Ground 3 only recently became known to Gentry, and raising the issue in the state court would be futile based on the state courts' treatment of the same argument as it relates to Villareal. Ground 8 has technically been available for Gentry to argue all along, but has been overlooked by prior counsel.

(Second Am. Pet., ECF No. 11, PageID.136.) Petitioner's representation regarding the availability of ground VIII "all along," is only partly true. Petitioner claims to have only recently discovered witness Porter's status as a paid confidential informant and, thus, could not have discovered the nature of the prosecutorial misconduct with regard to the prosecutor's comment on Porter's testimony before then. Certainly, however, witness Villareal's status as a confidential informant and the *quid pro quo* she received for her testimony was known to Petitioner when he filed his first motion for relief from judgment.

4

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a successive motion for relief from judgment under Mich. Ct. R. 6.500 *et seq*. Under Michigan law, although only one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1), a successive motion may be filed based on "a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Habeas ground III and part of habeas ground VIII are based on new evidence that was not discovered before Petitioner's first motion for relief from judgment.

To properly exhaust his claims, Petitioner must file a successive motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not

tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 4, 2017. Petitioner did not petition for certiorari to the United States Supreme Court, (Second Am. Pet., ECF No. 11, PageID.127), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 3, 2017. Accordingly, absent tolling, Petitioner would have one year, until July 3, 2018**,** in which to file his habeas petition. Petitioner filed the instant petition on June 20, 2018, 13 days before expiration of the limitations period.

But the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from

the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Petitioner filed a motion for new trial while his direct appeal was still pending. That collateral attack on the judgment of conviction and sentence continued until September 7, 2018, when the Michigan Supreme Court dismissed Petitioner's application for leave to appeal at Petitioner's request. Even then the period of limitation did not begin to run because Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court on June 12, 2018. That motion tolled the period of limitation until February 2, 2021, when the Michigan Supreme Court denied leave to appeal. At most, therefore, Petitioner's period of limitation has run for a little over a month.

Moreover, when Petitioner returns to the state court with his successive motion for relief from judgment—and then so long thereafter as Petitioner's request for collateral review is pending—the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after

the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies.[1] Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

---

[1] In hindsight, the initial stay should not have been granted. It was only granted because Petitioner did not disclose the motion for new trial in his initial or first-amended petition.

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.

Dated:  March 17, 2021                     /s/ Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       United States District Judge